## In re DEMANIS.

District Court, E. D. Michigan. September 19, 1927.

Aliens ⊚═68(3)—Certificate filed with petition for naturalization must show legal entry of petitioner into United States (Naturalization Act [8 USCA § 380]).

Under Naturalization Act June 29, 1906, § 4 (2), being 8 USCA § 380, requiring certificate from Department of Labor to be filed with petition for naturalization, showing date, place, and manner of arrival of applicant in United States, such certificate must show legal arrival in compliance with all immigration law requirements, and certificate that record of arrival cannot be found is insufficient.

Naturalization Proceeding. Petition of Nickolaos Georgeou Demanis for naturalization. Denied.

TUTTLE, District Judge. The petition for naturalization No. 17755 of Nickolaos Georgeou Demanis, filed with this court on October 27, 1926, came on regularly for hearing on September 19, 1927. The following facts were presented to the court:

1. Petitioner was born in Turkey September 14, 1891, and claims to have landed in the United States in March, 1912.

2. No record of his arrival in the United States could be found.

3. On October 13, 1926, he paid $4 to the United States government as a head tax and was issued a so-called nunc pro tunc certificate of arrival by the immigration authorities. This so-called certificate of arrival was a statement that a record of his arrival in the United States could not be found.

The court holds, in view of that part of subdivision 2 of section 4 of the Naturalization Act of June 29, 1906 (8 USCA § 380), which reads as follows:

"At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Labor, if the petitioner arrived in the United States after" the passage of this act, "stating the date, place, and manner of his arrival in the United

States, and the declaration of intention of such petitioner, which certificate and declaration shall be attached to and made a part of such petition,"

—that the certificate of arrival called for by the law must be a certificate showing a legal arrival in the United States in full compliance with all immigration law requirements, and that the so-called nunc pro tunc certificate of arrival, which is not an actual record of arrival in the United States, but a mere statement that a record of arrival cannot be found, is in no sense such a certification of arrival as is contemplated by the above-quoted statute. United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321.

Petition denied.